927 So.2d 236 (2006)
CHARLOTTE COUNTY PARK OF COMMERCE, LLC, Appellant,
v.
CHARLOTTE COUNTY, Florida, Appellee.
No. 2D05-1755.
District Court of Appeal of Florida, Second District.
May 5, 2006.
*237 Kenneth G. Oertel and Jeffrey Brown of Oertel, Fernandez, Cole & Bryant, P.A., Tallahassee, for Appellant.
W. Cort Frohlich and James D. Gordon, III, of Wilkins, Frohlich, Russell, Hanaoka & Mizell, P.A., Port Charlotte, for Appellee.
ALTENBERND, Judge.
Charlotte County Park of Commerce, LLC ("CCPC"), appeals an order dismissing its petition for writ of mandamus and complaint for declaratory relief with prejudice. CCPC's petition for writ of mandamus and complaint for declaratory relief sought to enforce certain development rights that it asserted it obtained by virtue of a settlement in prior litigation. The trial court dismissed the entire action because it concluded that the settlement agreement from the prior litigation, which was attached to the complaint, negated the theories alleged by CCPC. Reviewing the complaint and its attachments de novo, we conclude that the primary issue, whether the parties settled a Bert Harris Act[1] claim as part of the settlement, cannot be resolved merely from the face of the pleadings and the attachments thereto. Accordingly, we reverse and remand for further proceedings.
In 2001, Richard Vetter, a real estate developer, bought two adjacent parcels of land in Charlotte County. He intended to develop the land into an industrial park with airside access. The property became an asset of the limited liability corporation, CCPC, of which Mr. Vetter was a principal. Subsequently, disagreements arose between CCPC and Charlotte County (the "County") concerning CCPC's development rights. CCPC sued the County under several theories and obtained a preliminary injunction against the County that required the County to issue a site plan approval to the entity actually developing the property and to take other steps. The County appealed the preliminary injunction. This court affirmed the injunction to the extent that it ordered that the County expeditiously proceed to complete the permit application process but reversed in other respects. Charlotte County v. Vetter, 863 So.2d 465 (Fla. 2d DCA 2004). The settlement at issue in this case was achieved at approximately the same time this court issued its opinion. Thus, our earlier opinion did not actually result in further proceedings on remand.
Before it settled the prior lawsuit, CCPC had formally notified the County that it had a potential cause of action under the Bert Harris Act for deprivation of its vested rights in the property. The Bert Harris Act provides a cause of action when a law, rule, regulation, or ordinance established by the state "or a political entity in the state" inordinately burdens real property without amounting to a taking. § 70.001, Fla. Stat. (2002); Palm Beach Polo, Inc. v. Village of Wellington, 918 So.2d 988, 994-95 (Fla. 4th DCA 2006). The Act was designed to promote settlement, and a claim under the Act requires a presuit procedure. CCPC could not file its Bert Harris claim simultaneously with the suit in the prior litigation because the presuit procedure had not been completed.
The presuit procedure had apparently been satisfied by CCPC by the time the *238 two parties entered into the settlement agreement. CCPC had sent the County notice of its Bert Harris claim along with a valid appraisal on May 7, 2003, as required by the statute. See § 70.001(4)(a). By our calculations, the 180-day notice period triggered by CCPC's notice of its claim would have expired in November 2003, leaving CCPC free to commence a Bert Harris action about one month before CCPC and the County entered into the settlement agreement.
In the settlement agreement, CCPC and the County addressed the development rights of CCPC and agreed to settle all pending litigation. The settlement agreement also expressly stated in recital "C":
As a result of the mediation conference, Vetter, ..., CCPC and Charlotte County, hereby enter into this Settlement Agreement to resolve in a fair and reasonable manner all claims and issues in the above-referenced proceedings and in potential future proceedings, including but not limited to, any Bert Harris Act claims under Chapter 70, Florida Statutes, stemming from past actions by Charlotte County.
In paragraph 12 of the settlement agreement, CCPC and the County agreed that CCPC "shall" release the County from
[a]ny and all future claims ... including but not limited to, potential actions under Chapter 70, Florida Statutes, commonly known as the Bert Harris Act, or any other takings claim.
While these provisions might suggest that the parties intended to settle CCPC's Bert Harris claim, the language of this agreement taken as a whole does not clearly resolve the question. It is at least possible that CCPC released a Bert Harris claim but did not receive any consideration for the release that actually invoked the provisions of the Act. The ambiguity is created, in part, by the parties' mutual failure to obtain court approval of this settlement.
Approximately ten months after entering into the settlement agreement,[2] CCPC took the position that the settlement agreement was intended to settle its Bert Harris claim and that certain provisions of the agreement contravened the application of "a statute," requiring the parties to file a joint action in the circuit court to obtain approval of the settlement. See § 70.001(4)(d)(2). The County denied that any such claim had been settled. Thus, on November 23, 2004, CCPC filed its complaint seeking a writ of mandamus to compel the County to file the necessary pleadings to obtain circuit court approval of the earlier settlement. It also sought a declaration of its rights under the Bert Harris Act.
The County moved to dismiss the action, claiming that the parties had not settled a Bert Harris claim because CCPC had not filed a lawsuit for relief under the Bert Harris Act. The trial court dismissed CCPC's petition for writ of mandamus and complaint for declaratory relief based on its finding that
although Charlotte County had been put on notice of a potential claim pursuant to § 70.001, Fla. Stat., no such claim had been filed at the time the Settlement Agreement was executed. Therefore, the parties did not settle a Bert Harris claim, as alleged by Plaintiff in its Amended Complaint.
*239 The trial court erred in concluding that CCPC did not have a Bert Harris claim that the parties could settle simply because it had not filed suit. Indeed, the Bert Harris Act contemplates the potential resolution of claims made against a governmental entity during the presuit period without resort to suit by the property owner. CCPC had made a Bert Harris claim; it simply had not filed an action with the court for relief under the Bert Harris Act. The trial court's erroneous ruling on the motion to dismiss prevented further consideration of the parties' respective rights under the Bert Harris Act.
Because the intent of the settlement agreement is unclear, the dispositive issue in this case cannot be resolved as a matter of law on the face of the complaint. On remand, the trial court must determine whether the settlement agreement was intended to resolve CCPC's Bert Harris claim. If the trial court concludes that the settlement agreement was intended to settle CCPC's Bert Harris Act claim, it will probably need to first address the issues raised in the request for declaratory relief before reaching a decision on the petition for writ of mandamus.
Reversed and remanded for further proceedings.
CASANUEVA and SALCINES, JJ., Concur.
NOTES
[1] See § 70.001, Fla. Stat. (2002).
[2] Although the parties make no reference to Hurricane Charley, it is probably significant to note that between the first lawsuit and this lawsuit, Hurricane Charley severely damaged property in Charlotte County. It is apparent from the pleadings that the County is now trying to place new zoning restrictions on CCPC's property, which conflict with or are more burdensome than the restrictions contained in the settlement agreement.